UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON AGUILAR,

        *Petitioner*,

    v.

JEFFREY UTTECHT,

        *Respondents.*

CASE NO. C19-921-BJR-MLP

ORDER ADOPTING REPORT AND RECOMMENDATION AND AND DISMISSING PETITION

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle Peterson regarding the petition for habeas corpus filed by Aaron Aguilar. The R&R recommends dismissal of the petition for failure to exhaust state court remedies. After careful consideration of the R&R, Petitioner's objections thereto, the relevant legal authority, and the record of the case, the Court finds and rules as follows:

## II.    DISCUSSION

Petitioner Aguilar is currently incarcerated at the Coyote Ridge Correctional Facility, having pleaded guilty and been sentenced on August 20, 2018 to "75.5 months to life." Petition at 1, Dkt. No. 1. His petition seeks review of his conviction in the Whatcom County Superior Court, broadly citing, *inter alia,* the Fifth and Thirteenth Amendments to the U.S. Constitution. *Id.*

The R&R recommends dismissal without prejudice of the petition, noting Petitioner has failed to exhaust his state court remedies. 28 U.S.C.A. § 2254, pursuant to which Petitioner has filed his petition, provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

As the R&R states, Petitioner has not—and does not claim to have—attempted to exhaust his remedies at the state court level. *See, e.g.*, Pet. at 3-4. Instead, he repeatedly states some version of the claim that "The State of Washington does not have jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Pet. at 6; *see also id.* at 8 ("The State of Washington has abrogated my federally conferred Constitutional rights therefore, no state court has jurisdictional authority to adjudicate this matter, because states do not have the jurisdictional authority to rule on issues outside of their limited jurisdictional or statutory authority.").

Thus, Petitioner appears to be claiming that his petition falls under the exception to the exhaustion requirement, outlined at 28 U.S.C. § 2254(b)(1)(B). His claim to the exception, however, is without merit. That state courts have jurisdiction to hear federal constitutional claims is beyond doubt. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) ("A central tenet of our federal system is that state and federal courts are jointly responsible for the enforcement of federal constitutional guarantees.") *citing, inter alia,* U.S. Const. Art. VI; *Tafflin*

*v. Levitt*, 493 U.S. 455, 458 (1990) ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."). Both the petition and Petitioner's objections to the R&R lack support for Petitioner's claim that state courts are not available to fulfill the exhaustion requirement of his claims. The petition is therefore barred under 28 U.S.C. 2254(b)(1).

### III. CONCLUSION

For the foregoing reasons and for those reasons those outlined in the R&R, the Court hereby ORDERS:

(1) The Report and Recommendation is approved and adopted.

(2) Petitioner's petition for writ of habeas corpus (Dkt. No. 8) and this action are DISMISSED without prejudice for failure to exhaust state court remedies.

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

(4) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Michelle L. Peterson.

DATED this 9th day of September, 2019.

Barbara Jacobs Rothstein
U.S. District Court Judge